```
                                                              CLERK'S OFFICE U.S. DIST COURT
                                                                    AT ROANOKE, VA
                                                                        FILED

                                                                     MAR 26 2008
         IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF VIRGINIA              JOHN F. CORCORAN, CLERK
                    ROANOKE DIVISION                       BY: /s/ J. Bright
                                                                   DEPUTY CLERK
```

| | |
|---|---|
| **DEDRIC LEE WILEY,** ) | |
| Petitioner, ) | Civil Action No. 7:08-cv-00241 |
| ) | |
| v. ) | By:  Hon. Michael F. Urbanski |
| ) |      United States Magistrate Judge |
| **JOE KEFFER, WARDEN OF** ) | |
| **U.S. POLLOCK PENITENTIARY,** ) | **MEMORANDUM OPINION AND** |
| Respondent. ) | **O R D E R** |

Petitioner Dedric Lee Wiley, a federal inmate proceeding without counsel, has filed a motion that he styles as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] Because Wiley appears to be challenging the validity of his current criminal sentence and/or conviction by complaining that the government breached the plea agreement, the court believes the motion is most properly construed and addressed by the court as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. The court will so construe Wiley's motion absent Wiley's objection within ten (10) business days from the entry of this Order.

Wiley's claims clearly fall within the category of claims cognizable under § 2255. Section 2255 provides that a person in custody under a federal sentence may move the sentencing court to vacate, set aside or correct his criminal sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See, e.g., United States v. Addonizio, 442 U.S. 178, 185-86

---

[1] Wiley was sentenced in this court; however, he is now housed at a United States Penitentiary in Polluck, Louisiana, which is not within this court's jurisdiction for § 2241 purposes. A § 2241 petition must be filed in the judicial district that can acquire in personam jurisdiction of the petitioner's warden or other custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004); In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). To the extent that Wiley wishes to file a § 2241 petition, he may voluntarily dismiss this petition and file his § 2241 in the proper judicial district.

Dockets.Justia.com

(1979); see also Grover v. United States, 205 F.3d 1340 (6th Cir. 2000) (finding that inmate was challenging the imposition of his sentence and his petition was, therefore, appropriately construed pursuant to 28 U.S.C. § 2255, when he argued that the court improperly denied him an additional level decrease in his offense level for acceptance of responsibility and the government breached the plea agreement). The court, therefore, construes Wiley's petition as a § 2255 motion to vacate.

Under a decision by the Supreme Court of the United States, however, the court must offer Wiley an opportunity to elect whether or not he wishes the court to address the motion as one arising under § 2255. See Castro v. United States, 540 U.S. 375 (2003). Pursuant to the Castro decision, this court must advise Wiley that in deciding whether to elect to have the court address the claims under § 2255, he should consider the following provisions of § 2255. First, a federal inmate who wishes to file a § 2255 motion must normally do so within one year of the date upon which his conviction becomes final upon completion of direct appeal proceedings. If the defendant does not appeal the trial court's judgment, the conviction becomes final ten (10) days after entry of final judgment when the defendant's opportunity to appeal expires. See Fed. R. App. P. 4(b). If the defendant does appeal, the conviction becomes final 90 days from the date of the United States Court of Appeals for the Fourth Circuit's judgment affirming the conviction or on the date when the United States Supreme Court makes its final decision in any certiorari proceedings the defendant may bring. See Clay v. United States, 537 U.S. 522, 524-25 (2003). Occasionally, a petitioner may demonstrate circumstances requiring the court to calculate the one year statute of limitations in his/her case from a different date, such as the date upon which petitioner discovers new evidence or the date on which

a new rule of law applicable to petitioner's case was recognized by the Supreme Court.[2] ***If Wiley elects to proceed with this action as a § 2255 motion, he will need to provide the court with argument and/or evidence as to why the court may address his claims even though they were filed more than one year after his conviction became final.***

Second, once an inmate has filed one § 2255 motion challenging a conviction and/or sentence, the inmate must apply for certification from the United States Court of Appeals for the Fourth Circuit in order to file a second or subsequent § 2255 motion as to the same conviction and/or sentence.[3] In light of this limitation on filing successive § 2255 motions, the court advises Wiley that if he elects to have the court address the current motion as a § 2255 motion, he may also wish to move to amend the motion to add any additional grounds upon which he believes his/her conviction and/or sentence to be invalid or unconstitutional. Of course, if Wiley has no additional grounds to raise, he need not amend the motion. However, if Wiley has additional grounds and fails

---

[2] Paragraph (f) of § 2255 reads as follows:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
  (1) the date on which the judgment of conviction becomes final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3] Paragraph (h) of § 2255 reads as follows:
A second or successive motion must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals to contain--
  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

to amend, such claims raised in a later § 2255 motion would be dismissed as successive unless Wiley first received certification from the United States Court of Appeals for the Fourth Circuit to file a successive petition.[4]

In accordance with the foregoing, it is hereby

### ORDERED

that Wiley is hereby notified that the court intends to address his as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, and the motion is hereby conditionally filed as a § 2255; all action on this motion is hereby stayed pending further order of the court; and Wiley is hereby **DIRECTED** to submit to the court within ten (10) business days from the date of entry of this Order his affidavit, signed under penalty of perjury, stating whether he objects to the court's intention to address the motion as one arising under § 2255. Wiley is further notified that if he fails to submit such a document to the court within the time allotted, the court shall consider the motion as a § 2255 motion filed on the date that Wiley delivered the original motion to prison authorities for mailing to this court.

If Wiley elects to have the court address the motion as a § 2255 motion or if Wiley fails to make any election within the time allotted, the court will direct respondent to answer the petition

---

[4] The court notes that court records indicate that Wiley has previously filed two § 2255 motions, Civil Action Nos. 7:05-cv-00742 and 7:02-cv-00462, regarding the same conviction and/or sentence. Wiley's original motion, concerning his sentencing enhancement for possession of a firearm, was construed, prior to the aforementioned Castro decision, as a § 2255 motion without a warning of the possible repercussions. Wiley's second motion, concerning several ineffective assistance of counsel claims, was dismissed as successive, again without providing proper notice or a warning of the possible repercussions of filing a § 2255 motion. Wiley did not appeal the latter dismissal. Accordingly, this court will not treat Wiley's motion as successive. See United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008) (treating defendant's newly filed motion to vacate as not successive, on grounds that district court's purported recharacterization of defendant's earlier postconviction motion for discovery as motion to vacate was invalid due to failure to provide defendant with requisite warnings, was not impermissible retroactive application of Supreme Court's Castro decision).

within sixty (60) days.

Following filing of respondent's answer, Wiley shall be provided twenty (20) days in which to file a response and/or additional pleadings. Unless Wiley or respondent explicitly requests additional time for additional filings, the case will be considered ripe for disposition twenty (20) days after the filing of respondent's answer.

Wiley is referred to Rule 5 of the Federal Rules of Civil Procedure which requires that every pleading after the initial motion and every subsequent written motion, notice, or other similar paper be served on all parties, which service shall be made by mail to the parties' attorney.

Wiley shall notify the court immediately upon his transfer or release and shall provide a new address. FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THIS CASE.

Pursuant to Standing Order of Court entered May 26, 2006, all nondispositive matters in this case are referred to the Hon. Michael F. Urbanski, U. S. Magistrate Judge. (See Appendix I.)

The Clerk is directed to send a copy of this Order and Appendix to petitioner.

ENTER: This _26th_ day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| IN RE: FILING AND PROCESSING ) <br> PRO SE PRISONER CIVIL RIGHTS ) <br> AND TORT CLAIMS CASES AND ) <br> PETITIONS FOR WRITS OF ) <br> HABEAS CORPUS ) <br> ) | STANDING ORDER <br> OF REFERENCE |

In furtherance of a centralized system for processing pro se prisoner civil rights and tort claim cases and petitions for writs of habeas corpus, it is **ORDERED** that all such cases be referred to United States Magistrate Judge Michael F. Urbanski for purposes of consideration and ruling as to any and all nondispositive, pretrial matters and motions as may arise. This order is entered under the authority of 28 U.S.C. § 636(b)(1)(A), and the provisions set forth thereunder shall govern the magistrate judge's conduct and scope of authority.

For purposes of the Order, the terms civil rights and tort claims cases and petitions for writs of habeas corpus shall be deemed to include the following:

   a. civil rights cases pursuant to 42 U.S.C.A. § 1983;
   b. civil rights cases pursuant to 28 U.S.C.A. § 1331 (*Bivens* actions);
   c. Federal Tort Claims Act cases pursuant to 28 U.S.C. §§ 2671-80;
   d. habeas corpus petitions pursuant to 28 U.S.C. § 2241 (federal habeas);
   e. habeas corpus petitions pursuant to 28 U.S.C. § 2254 (state habeas);
   f. habeas corpus petitions pursuant to 28 U.S.C. § 2255 (federal habeas).

This Order supercedes all prior orders of reference in such cases entered by this court.

ENTER: May 26, 2006

/s/ James P. Jones
Chief United States District Judge