CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 22 2008
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 7:98-cr-00007 |
| | ) | Civil Action No. 7:08-cv-00241 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **DEDRIC LEE WILEY.** | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |

Dedric Lee Wiley, a federal inmate proceeding pro se, filed a petition which he styled as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. However, because petitioner appeared to be challenging the validity of his federal sentence and/or conviction, I determined that his petition was most properly construed and addressed as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.[1] By Order entered March 26, 2008, petitioner was notified of my intention to construe and address his submission as a motion pursuant to § 2255, unless he expressly objected to the intended construction within ten (10) days. See Castro v. United States, 540 U.S. 375 (2003) (requiring court to give petitioner the opportunity to elect whether a criminal motion be addressed as a § 2255 motion). Petitioner has not responded, thus making the underlying matter ripe for disposition. Accordingly, the petition will be construed and addressed as a motion

---

[1] Wiley complains that the government breached the plea agreement when it recommended that Wiley receive a two level reduction for acceptance of responsibility, rather than a three level reduction. Wiley's claim clearly falls within the category of claims cognizable under § 2255. Section 2255 provides that a person in custody under a federal sentence may move the sentencing court to vacate, set aside or correct his criminal sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See, e.g., United States v. Addonizio, 442 U.S. 178, 185-86 (1979); see also Grover v. United States, 205 F.3d 1340 (6th Cir. 2000) (finding that inmate was challenging the imposition of his sentence and his petition was, therefore, appropriately construed pursuant to 28 U.S.C. § 2255, when he argued that the court improperly denied him an additional level decrease in his offense level for acceptance of responsibility and the government breached the plea agreement).

to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.[2]

A federal inmate who wishes to file a § 2255 motion must normally do so within one year of the date upon which his conviction becomes final upon completion of direct appeal proceedings.[3] If the defendant appeals the trial court's judgment, the conviction becomes final ninety (90) days from the date of the United States Court of Appeals for the Fourth Circuit's judgment affirming the conviction or on the date when the United States Supreme Court makes its final decision in any certiorari proceedings the defendant may bring. See Clay v. United States, 537 U.S. 522, 524-25 (2003). Accordingly, petitioner's conviction became final on July 1, 1999, ninety (90) days after the United States Court of Appeals for the Fourth Circuit's judgment dismissing his direct appeal was entered. Petitioner's § 2255 motion was signed on March 17, 2008, well-beyond the requisite statute of limitations. Petitioner does not offer any evidence to show that he was in any way prevented from timely filing a § 2255 motion. Furthermore, he has failed to allege any facts to show any other circumstances that would toll or start the statute running anew.[4] Accordingly, I find that petitioner's

---

[2] Even if Wiley objected to the court's construction of his petition as a § 2255 motion, I lack jurisdiction to consider his claim. The proper venue for a § 2241 petition is the district in which the petitioner is incarcerated. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Wiley was sentenced in this court; however, he is currently housed at a United States Penitentiary in Pollock, Louisiana. Because he is not incarcerated in this district I, therefore, do not have jurisdiction to consider his claim under § 2241.

[3] Paragraph (f) of § 2255 reads as follows:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[4] In the Conditional Filing Order entered March 26, 2008, Wiley was directed to provide any argument and/or evidence as to why I may address his claims even though they were filed more than one year after his conviction became final. Wiley failed to provide any such information.

2

§ 2255 motion is untimely and must be dismissed.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion and Order to petitioner.

**ENTER:** This 22nd day of April, 2008.

/s/ Jackson L. Kiser
Senior United States District Judge